UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Rhy Broussard,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 21-CV-2484 (SRN/LIB)<br><br>**ORDER OF DISMISSAL** |

SUSAN RICHARD NELSON, United States District Judge

Petitioner Aaron Rhy Broussard has been charged with multiple drug-related offenses and is currently awaiting trial in this District. *See United States v. Broussard*, No. 19-CR-0101 (SRN/KMM). In the petition for a writ of habeas corpus now before the Court, Broussard challenges the legality of that prosecution and seeks immediate release from his pretrial confinement. The Court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, finding the petition to be without merit, will deny the petition.[1]

There are two problems with Broussard's petition. The first problem is procedural: "Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that

---

[1] Broussard's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

1

defendants should pursue the remedies available within the criminal action." *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) (collecting cases); *accord Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (holding that a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 "is not a proper avenue of relief for federal prisoners awaiting federal trial."); *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."). The proper vehicle for Broussard's attacks on the indictment in his criminal case is through a challenge brought in that case.

The second problem is substantive: Broussard has already raised each of the claims presented in his habeas petition through motions to dismiss the criminal indictment, and each of those claims has already been found to be without merit. *See Broussard*, No. 19-CR-0101, Doc. No. 69 (D. Minn. Sept. 15, 2021) (order denying motion to dismiss). The Court has already explained at length why it believes the claims raised in Broussard's habeas petition are not meritorious. That the claims are now presented by Broussard through a habeas petition rather than a motion to dismiss the indictment does not change that analysis.

Accordingly, the habeas petition will be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because the petition will be summarily denied, Broussard's pending application to proceed *in forma pauperis* will also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, the Court concludes that an appeal could not be taken in good faith from this dismissal and therefore certifies that any application from Broussard for *in forma pauperis* status on appeal from

this dismissal would be denied. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  The petition for a writ of habeas corpus of petitioner Aaron Rhy Broussard [Doc. No. 1] is denied.

2.  Broussard's application to proceed *in forma pauperis* [Doc. No. 2] is DENIED.

3.  It is certified that any appeal taken from this dismissal would not be in good faith and that Broussard therefore will not be granted *in forma pauperis* status on appeal.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2021

                                                s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge